IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JENNIFER BERNICE BROWN, | ) | |
| | ) | No. 4:12-cv-2311-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on a motion for attorney's fees filed by claimant Jennifer Bernice Brown ("Brown") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Brown requests $4,264.25 in attorney's fees and $23.00 for costs and expenses on the ground that she is a prevailing party under the EAJA. The Commissioner argues against the awarding of such fees and costs, asserting that her position was substantially justified.

    Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the administrative law judge ("ALJ") pursuant to 42 U.S.C. § 405(g), Brown is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

    The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis"

1

but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main —that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover attorney's fees." Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991); see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

In this case, the magistrate judge recommended that there was a conflict between the Dictionary of Occupational Titles ("DOT") and Vocational Expert ("VE") testimony that was not resolved by the ALJ as required by Social Security Ruling ("SSR") 00-4p. R&R 9. On February 24, 2014, after the Commissioner filed no objections to the report and recommendation ("R & R"), this court adopted the R&R in full and remanded the case for further administrative proceedings. Order 2.

In his decision, the ALJ limited Brown to a range of medium work with several postural and environmental limitations, including "lifting 25 pounds occasionally." Tr.

16. Brown's residual functional capacity, as determined by the ALJ, did not specifically fall within the medical-vocational guidelines for light exertional work or medium exertional work. As a result, the ALJ turned to the VE to determine whether Brown could perform other work which exists in the national economy. Tr. 61. The VE identified three jobs that an individual of Brown's age and residual functional capacity could perform, each requiring medium work: warehouse worker, hand packager, and production helper. Tr. 62–63. The ALJ did not ask any further questions of the VE after the VE rendered this opinion. In his decision, the ALJ found that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the [DOT]." Tr. 20.

The magistrate judge, however, found that a conflict existed under SSR 00-4p. Specifically, the magistrate judge noted that the jobs of warehouse worker and production helper both require "Medium Work—Exerting . . . 10 to 25 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time)."[1] R&R 9 (citing DOT # 992.687.58; DOT # 691.687-010). The ALJ's hypothetical to the VE included the restriction of lifting 25 pounds occasionally defined as up to one-third of the working day. Tr. 61–63. The magistrate judge found that the jobs cited by the VE therefore conflicted with Brown's RFC and that the ALJ should have resolved this conflict under SSR 00-4p. R&R 9.

SSR 00–4p states, in pertinent part,

Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and

---

[1] The magistrate judge could not locate the DOT number for the job of hand packager, but noted that the VE identified this position as also requiring medium work. R&R 9 n.4.

> the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

The Commissioner asserts that her position was substantially justified, noting that the court "sided with the Commissioner" for the "bulk" of its decision. Def.'s Resp. 3–4. The Commissioner further contends that Brown's "only successful argument was a technical one," and it was not unreasonable for the Commissioner to argue that the ALJ's omission "did not ultimately affect the outcome of what otherwise does not appear to be a close case, especially in light of the fact that [Brown's] counsel failed to identify or challenge the omission during the administrative hearing." Id. at 3–4.

The court is not persuaded by the Commissioner's arguments. Here, there is a clear conflict between the VE testimony and the DOT. The jobs opined by the VE require that Brown be able to lift 25 pounds on a more frequent basis than Brown's RFC provides. Accordingly, SSR 00-4p requires that the ALJ inquire about and resolve this inconsistency. There is no question that the ALJ failed in this regard.

Courts in this district have consistently found that an ALJ's failure to inquire about a clear conflict between the VE testimony and the DOT requires remand under SSR 00-4p. See Stephens v. Colvin, No. 9:12-cv-1376, 2013 WL 5440151, at *8 (D.S.C. Sept. 27, 2013) (remanding where the ALJ "failed to inquire about the conflict and fully develop the record," and where his decision "fail[ed] to include the necessary explanation

for the resolution of the conflict"); Edmond v. Colvin, No. 8:12-cv-1081, 2013 WL 4647805, *6 (D.S.C. Aug. 28, 2013) (remanding where ALJ violated several provisions of SSR 00–4p by failing to ask the VE whether there existed any conflict between his opinions and the DOT and failing to address the conflict between the DOT and the VE's testimony); Gosnell v. Astrue, No. 4:09-cv-03142, 2011 WL 124449, at *4 (D.S.C. Jan. 14, 2011) (remanding where ALJ failed to inquire about the inconsistencies between the VE's testimony and the DOT); Gull v. Barnhart, No. 5:05-cv-00085, 2006 WL 1982769, at *9 (W.D. Va. July 14, 2006) ("Remand is also appropriate because of the ALJ's failure to inquire about any possible inconsistencies between the VE's testimony and the DOT.").

Given the well-established law on this issue, the court finds that the Commissioner has not met her burden of showing that her position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** Brown's motion and awards fees in the amount of $4,264.25 for attorney's fees and $23.00 for costs.[2]

---

[2] Brown seeks an award of $4,264.25 based on 23.05 attorney work hours at a rate of $185.00 per hour. See Pl.'s Mem. in Supp. 6. This rate is based on the statutory rate plus a cost of living increase pursuant to the Consumer Price Index. Id. The Fourth Circuit has noted that the CPI is an appropriate tool to utilize in calculating a cost of living rate adjustment to a statutory fee. See generally Sullivan v. Sullivan, 958 F.2d 574 (4th Cir. 1992). The Commissioner does not object to the amount requested by plaintiff. Accordingly, the court finds the amount requested is reasonable. Although Brown has executed a fee agreement that assigns her fee award to her attorney, the EAJA requires attorney's fees to be awarded directly to the litigant. Astrue v. Ratliff, 560 U.S. 586, 594 (2010) ("EAJA fees are payable to litigants."); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) ("[T]he plain language of the EAJA provides that attorney's fees are payable to the prevailing party-in this case the Social Security claimants-and not the attorney."). This court has held that EAJA fees are payable to a plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. See, e.g., Whites v. Astrue, No. 8:10-cv-3302, 2012 WL 5867149, at *2 n.1 (D.S.C. Nov. 19,

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 4, 2015**
**Charleston, South Carolina**

---

2012). The court therefore grants attorney's fees to Brown, not her attorney, in the amount of $4,264.25 and $23.00 for costs.